IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )  )  v.  )  )  EDDIE WAYNE LOUTHIAN, SR.,  )  SALTVILLE RESCUE SQUAD, INC. and )  MONICA JANE HICKS  ) | Case No. 1:12-cr-00002 |

DEFENDANT EDDIE WAYNE LOUTHIAN, SR.'S
PRETRIAL MOTION FOR DISCOVERY, DISCLOSURE AND INSPECTION

Now comes the defendant, Eddie Wayne Louthian, Sr., by counsel, and respectfully moves this Court for entry of an order directing the United States Attorney to comply with the following motions for discovery, disclosure, and inspection.

MOTION FOR DISCLOSURE OF STATEMENTS OF DEFENDANT

Under Rule 16 (a)(1)(A) of the Federal Rules of Criminal Procedure, the defendant requests that he be permitted to inspect and copy or photograph:

1. Any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

2. The substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

3. The recorded testimony of the defendant before a grand jury which relates to the offense charged which has not already been turned over to counsel for the defendant.

## MOTION FOR DISCLOSURE OF DEFENDANT'S PRIOR RECORD

Under Rule 16 (a)(1)(B) of the Federal Rules of Criminal Procedure, the defendant requests that the government furnish to the defendant such copy of the defendant's prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

## MOTION FOR DISCLOSURE OF DOCUMENTS AND TANGIBLE OBJECTS

Under Rule 16 (a)(1)(C) of the Federal Rules of Criminal Procedure, the defendant requests that the government permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's

defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant, which have not already been inspected, copied or photographed by, or revealed to, counsel for defendant.

For the purposes of this motion, the defendant specifically requests any and all statements of any and all, indicted or unindicted, alleged or unalleged co-conspirators, which have not already been given to counsel for defendant.  The defendant requires same in order to prepare for his defense, to prepare for his motion to sever and because it is anticipated that the government will attempt to introduce same in a joint trial under Rule 801 of the Federal Rules of Criminal Procedure.

## REQUEST TO SUPPLEMENT

The defendant requests that all motions for disclosure herein made under Rule 16 be of a continuing nature, so that if the government discovers additional evidence or material herein requested or ordered, which is subject to discovery or inspection under said rule, the counsel for defendant be promptly notified of the existence of the additional evidence or material.

## MOTION FOR DISCLOSURE OF ANY AGREEMENT BETWEEN THE GOVERNMENT AND ANY PROSECUTION WITNESS

The defendant moves the Court to enter an order requiring the government to reveal any agreement entered into between the United States Attorney, any Commonwealth's Attorney or any federal or state law enforcement agency and any

prosecution witness that could conceivably influence said witness's testimony. The defendant's motion includes, but is not limited to, whether any witness has received any consideration in any case in return for his or her cooperation or testimony, whether any witness has been granted immunity, and whether any witness has been made a trustee or allowed special privileges in return for cooperation or testimony. The defendant specifically moves for the government to respond in writing as to this motion.

## MOTION FOR DISCLOSURE OF RULE 404 EVIDENCE

The defendant requests that the government disclose whether or not it intends to offer evidence of any crimes, wrongs, or acts on the part of the defendant which may be admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident on the part of defendant under Rule 404 of the Federal Rules of Evidence, which were not charged in the indictment; additionally, if the government intends to do so, then the defendant requests the disclosure of the names, addresses, and telephone numbers of the individual witnesses the government anticipates will testify to same at trial.

## MOTION TO COMPEL AFFIRMATIVE OR DENIAL OF ELECTRONIC OR OTHER SURVEILLANCE OR MONITORING OF ANY AND ALL FORMS OF PRIVATE COMMUNICATION

The defendant moves for an order compelling the Assistant U.S. Attorney to affirm or deny surveillance or monitoring of any and all forms of private

communication, by any means whatsoever, by any agency and/or any governmental entity, to which the defendant or counsel for him was a party within the meaning of 18 U.S.C. 2510, et seq. at any time from on or about January 1995 to and including the date of trial.

## MOTION FOR EXCULPATORY EVIDENCE

The defendant requests that he be provided, through his counsel, with any and all actual and potential, favorable or exculpatory evidence relative to the issues of guilt, punishment or innocence as is known to the government, its agents or representatives or as found within any law enforcement reports, tests, investigative notes, or which with the exercise of due diligence may become known to the government.  Said exculpatory evidence includes, but is not limited to:  evidence that the defendant did not commit the crime with which he is charged, or any other act or allegation not named within the indictment but which the government plans to develop or allege during the course of the trial; evidence that some one other than the defendant did commit the crime with which the defendant is charged; statements, reports, summaries, and the like, of any government agent, whether undercover or otherwise, co-defendants, co-conspirators, informants, law enforcement personnel or other individuals having any knowledge of the facts of this case, whether a witness or not, which are known to the government or with the exercise of due diligence could become known to the government, and which tend to show the defendant is innocent

of the crimes with which he is charged; all fingerprint analyses relative to this case which do not reveal fingerprints of the defendant; all footprint casts relative to this case which do not reveal the footprint of the defendant; prior criminal records and indictments and NADDIS, FBI, DEA or other law enforcement identification numbers of any witness to be used against defendant as will as any other information of criminal activity or involvement of such individuals, whether or not such activity resulted in criminal charges being filed; and any and all demands or requests for immunity by any government witness.

## REQUEST FOR OTHER DISCOVERY

The defendant moves the Court to enter an order requiring the government to give copies of all written statements of all witnesses whom the government intends to call in support of its case in chief which have not already been supplied to counsel, all notes and memoranda made by government counsel during all interviews of witnesses whom the government intends to call in support of its case in chief, all grand jury testimony of witnesses whom the government intends to call at the time of trial which have not already been supplied to counsel, all notes or memoranda of any oral statements which have been given by witnesses whom the government intends to call in support of its case in chief.

                                      EDDIE WAYNE LOUTHIAN, SR.
                                              - by counsel -

/s/Daniel R. Bieger, Esq.
VSB No. 18456
COPELAND & BIEGER, P.C.
P.O. Box 1296
Abingdon, VA  24212
(276) 628-9525
(276) 628-5901- Fax
Counsel for Eddie Wayne Louthian, Sr.

## CERTIFICATE OF SERVICE

I, Daniel R. Bieger, Esq., do hereby certify that on the 8th day of February, 2012 I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF System which will send notification of such filing to the following:

- Robert Wayne Austin
  rwasa@eva.org,jjackson0625@hotmail.com

- Janine Marie Myatt
  USAVAW.ECFAbingdon@usdoj.gov,jerri.jackson@usdoj.gov

/s/Daniel R. Bieger, Esq.