# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:12CR00002 |
| v. ) | |
| ) | **OPINION AND ORDER** |
| ) | |
| EDDIE WAYNE LOUTHIAN, SR., ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Sharon K. Burnham, Assistant United States Attorney, Roanoke, Virginia, and Janine M. Myatt, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Michael J. Khouri, Khouri Law Firm, Irvine, California, for Defendant.*

In this criminal case, in which the defendant was convicted of health care fraud and related offenses, the government has moved to amend the order of forfeiture to include substitute assets because the defendant has not yet satisfied a forfeiture money judgment. For the reasons stated, I find that forfeiture of substitute assets is appropriate and, accordingly, will grant the government's motion.

I

The relevant facts of this criminal case are set forth in an earlier opinion, *United States v. Louthian*, No. 1:12CR00002, 2013 WL 594232 (W.D. Va. Feb. 15, 2013), and I will not restate them here. On February 15, 2013, after conviction by a jury of defendant Eddie Wayne Louthian, Sr., I entered a preliminary order of forfeiture determining that the United States was entitled to a money judgment against him in the amount of $907,521, which forfeiture was included in the Judgment in a Criminal Case entered on March 21, 2013. Thereafter, Louthian timely filed a notice of appeal. The United States has moved to amend the forfeiture to include substitute assets. *See* 21 U.S.C.A. § 853(p)(1)-(2) (West Supp. 2012).

Louthian opposes the government's motion. He asserts that because he has appealed his convictions and sentence, this court no longer has jurisdiction to amend the order of forfeiture. He further contends that the property the government now seeks to forfeit as substitute assets is not forfeitable because the government has failed to prove any nexus between the property and the criminal activity of which Louthian was convicted. Finally, Louthian argues that because he performed the acts for which he was convicted in the scope of his employment with the Saltville Rescue Squad (the "Rescue Squad"), the doctrine of respondeat superior requires that the Rescue Squad must indemnify him for the amount of the

money judgment. Louthian contends that because he cannot file a claim against the Rescue Squad in this criminal proceeding, his Due Process rights have been violated by the entry of the order of forfeiture.

II

Entry of a notice of appeal does not divest a district court of jurisdiction to issue an order forfeiting substitute property. *United States v. Hurley*, 63 F.3d 1, 23-24 (3d Cir. 1995); *United States v. Norton*, No. 2:99CR10078, 2002 WL 31039138, at *2 n.3 (W.D. Va. Sept. 3, 2002). Federal Rule of Criminal Procedure 32.2(e) provides that "the court may at any time . . . amend an existing order of forfeiture to include property that . . . is substitute property that qualifies for forfeiture under an applicable statute." Fed. R. Crim. P. 32.2(e). According to the advisory committee notes, "[s]ubdivision (e) makes clear, as courts have found, that the court retains jurisdiction to amend the order or forfeiture at any time to include . . . substitute property." *Id.*, advisory committee notes. Louthian's contention that this court no longer has jurisdiction to amend the order of forfeiture is meritless.

Louthian's next argument, that the government failed to prove a nexus between the substitute assets sought to be forfeited and the crimes of which Louthian was convicted, confuses the law governing directly forfeitable assets and

substitute assets. Substitute property is forfeitable when directly forfeitable property is not available. *See* 21 U.S.C.A. § 853(p) (West Supp. 2012). The government need not prove a nexus between property designated as substitute assets and the crimes for which the defendant was convicted. *United States v. Bryson*, 105 F. App'x 470, 475 (4th Cir. 2004) (unpublished).

The government asserts that because it could not trace the proceeds of the offenses to specific assets, and because Louthian has not satisfied the money judgment entered against him, forfeiture of substitute assets is proper to apply against the $907,521 judgment. Forfeiture of substitute assets is appropriate where the defendant does not have the money to pay the forfeiture money judgment. *See, e.g., United States v. Oregon*, 671 F.3d 484, 489 (4th Cir. 2012) (noting that the defendant "did not possess sufficient funds to cover the money judgment and, accordingly, the district court, in its preliminary order of forfeiture, ordered forfeiture of substitute assets pursuant to 21 U.S.C. §853(p)"); *United States v. Baker*, 227 F.3d 955, 970 (7th Cir. 2000) (holding that where defendant did not have funds to pay forfeiture money judgment, government could satisfy part of award with substitute assets); *United States v. $814,254.76*, 51 F.3d 207, 211 (9th Cir. 1995) (stating that "the substitute assets provision of the criminal forfeiture statute is merely another mechanism for collecting a judgment against the criminal defendant").

Moreover, the evidence in this case has shown that Louthian's actions caused the proceeds of the offenses to be commingled with other property of the Rescue Squad, thus making the proceeds untraceable. Forfeiture of substitute assets is appropriate under such circumstances. *See United States v. Voigt*, 89 F.3d 1050, 1086 (3d Cir. 1996) (holding that substitute asset statute comes into play where forfeitable property cannot be traced to the criminal activity).

Louthian's final argument regarding the doctrine of respondeat superior is nonsensical. That doctrine allows a plaintiff to recover civil damages against an employer-defendant for acts done by an employee within the scope of employment. *Plummer v. Ctr. Psychiatrists, Ltd.*, 476 S.E.2d 172, 173-74 (Va. 1996). All of the cases Louthian cites are civil cases; he points to no authority explaining how the concept of respondeat superior applies in the context of criminal forfeiture. Nevertheless, he contends that the Rescue Squad owes him indemnity for the crimes of which he was convicted because he was acting as an employee and agent of the Rescue Squad at the time he committed those criminal acts. But whether Louthian is entitled to a civil remedy against the Rescue Squad — which I strongly doubt in light of his own personal criminal conduct — has no bearing on whether forfeiture of substitute assets is appropriate in this criminal case.

III

For the reasons stated, it is **ORDERED** that the government's Motion to Amend Preliminary Order of Forfeiture to Include Certain Substitute Assets (ECF No. 255) is GRANTED. A separate amended preliminary order and judgment will be entered.

ENTER: April 12, 2013

/s/ James P. Jones
United States District Judge